IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KELLY MORLEY**,

        Plaintiff,

        v.

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.

No. 6:12-cv-02064-AC

OPINION AND ORDER

**MOSMAN, J.**,

        On November 15, 2012, Ms. Kelly Morley filed a complaint to review the final decision of the Commissioner with regards to her disability claim. Ms. Morley argued that the ALJ failed to consider all of the medical evidence before her and that she improperly evaluated Ms. Morley's treating physicians' opinions. On July 28, 2014, Magistrate Judge Acosta issued his Findings and Recommendation ("F&R") [20] in the above-captioned case, recommending that a judgment be entered reversing the ALJ's final decision and remanding for an immediate award of benefits. Although not an argument raised by Ms. Morley, Judge Acosta determined that the ALJ improperly concluded that Ms. Morley's statements lacked credibility. F&R at 7. Judge Acosta therefore found that the ALJ's decision to discount the opinions of Ms. Morley's treating physicians' opinions that were based on Ms. Morley's statements was not supported by substantial evidence and, as a result, the ALJ incorrectly denied Ms. Morley's disability claim.

1 – OPINION AND ORDER

Id. at 22. I do not believe that it was proper for Judge Acosta to create arguments on behalf of Ms. Morley and therefore I REJECT this portion of the F&R and Judge Acosta's order remanding for an immediate award of benefits.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Judge Acosta properly set out the standard of review for an appeal of the Commissioner's final decision regarding an individual's claim for social security benefits:

> The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g) (2006); *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993).

F&R [20] at 4. Judge Acosta also properly stated that:

> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039

(9th Cir. 1995). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882; *Ellund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Thus, where the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld, even where the evidence can support either affirming or reversing the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

*Id*.

In reviewing an appellant's arguments of a final decision, the Ninth Circuit has consistently held that "we cannot manufacture arguments for an appellant and therefore we will not consider any claims not actually argued on the appellant's opening brief." *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) (internal quotations omitted); *see also Hastings v. Comm'r of Soc. Sec.*, No. 12-35761, 2014 WL 2937239 (9th Cir. May 27, 2014). This court is limited to reviewing the claims and arguments that appellant actually made, and not those claims that can be inferred or extrapolated from the claims actually made.

## DISCUSSION

### I. Failure to Consider All of the Medical Evidence

In reviewing the F&R, neither party objected to Judge Acosta's analysis of Ms. Morley's first claim that the ALJ failed to consider all of the medical evidence. Therefore I adopt Judge Acosta's F&R with respect to his analysis and conclusions regarding Ms. Morley's first claim. The ALJ did not fail to consider all of the medical evidence, and therefore this is not a ground to reverse the decision to deny Ms. Morley's social security benefits claim.

### II. The Credibility Determination

The credibility finding is the keystone in the ALJ's opinion; all her analysis and conclusions flowed from that finding. Judge Acosta's conclusion to remand this case for an immediate award of benefits is based on his determination that the ALJ did not have sufficient

3 – OPINION AND ORDER

grounds to conclude that Ms. Morley was not a credible person. F&R at 7. Defendant objects to this portion of the F&R because nowhere in Ms. Morley's opening brief does she challenge the ALJ's finding that she was not a credible person. Def.'s Resp. to Objections [22] at 2. Defendant argues that it is improper for the court to create and then consider an argument not made by Ms. Morley in her opening brief. *Id*.

I agree with Defendant's argument that Judge Acosta improperly created a challenge to the ALJ's credibility determination. The only arguments that Ms. Morley makes is that (1) the ALJ failed to consider all of the medical evidence, and (2) the ALJ improperly evaluated the opinions of Ms. Morley's treating physicians. Pl.'s Brief [15] at 5. Due to the fact that Ms. Morley did not directly challenge the ALJ's credibility finding with respect to her testimony, Defendant was prejudiced because it was not able to make any arguments in support of the ALJ's credibility findings. Because it was improper for Judge Acosta to create a claim and then evaluate it in his F&R, I reject this portion of the F&R. *Independent Towers of Wash.*, 350 F.3d at 929.

### III.   Evaluation of the Treating Physicians' Opinions

Taking the credibility finding as correct, Defendant then argues that the ALJ's evaluation of the opinions of Ms. Morley's treating physicians was supported by substantial evidence and should be upheld. "Substantial evidence" in this context does not mean irrefutable or conclusive, but rather "more than a mere scintilla, but less than a preponderance." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). While this definition leaves much to be desired in terms of clarity and ease of application, one could argue that as long as there is enough evidence to suggest a conclusion is plausible, it has met this murky evidentiary standard. Given the record before me, I find that the ALJ's conclusions relating to Ms. Morley's second claim of reversible

error were in fact supported by substantial evidence. Therefore I reject this portion of the F&R as well.

The ALJ significantly discounted the testimonies of Dr. James Auerbach and Dr. Robert McDonald ("Treating Physicians") for several reasons, one of which was the fact that they were based in large part on Ms. Morley's self-reporting of subjective complaints and not on objective clinical data. Tr. of Social Security Administrative Record [11-3] 22–23. After reviewing the materials submitted related to Dr. Auerbach and Dr. McDonald, I agree that their opinions were in large part based on Ms. Morley's self-reporting of subjective complaints. *Id*. [11-8] at 51–70; [11-9] 64–65. Because Judge Acosta concluded that the ALJ's credibility finding should be rejected, he concluded that it was an error to discount the testimonies of the Treating Physicians for this reason. However, given a finding that Ms. Morley lacked credibility, the ALJ had legitimate, substantial evidence for discounting the Treating Physicians' testimony—namely that they lacked a credible foundation.

After discounting the Treating Physicians' testimonies because their opinions lacked a credible foundation, the ALJ was left with the testimony of Dr. Terri Robinson. Dr. Robinson is considered an examining physician. Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *See Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). Despite this general rule, an examining physician's opinion may be given greater weight than a treating physician's opinion when there is substantial evidence to suggest that a treating physician's opinion lacks credibility. As discussed above, there is substantial evidence in this case that casts doubt on the opinions of the Treating Physicians. Therefore, the ALJ properly gave greater weight to the opinion of Dr. Robinson, an examining physician.

5 – OPINION AND ORDER

In her opinion, Dr. Robinson concluded that Ms. Morley, even in her present condition, could be expected to stand for four out of eight hours in a work day, she had no limits on how long she could sit, she could lift ten pounds frequently and twenty pounds occasionally, she had no manipulative limitations to five-fingering, and she should avoid working at hazardous heights or with heavy machinery. Tr. of Social Security Administrative Record [11-8] at 47–48. Dr. Robinson's opinion is adequate evidence to support the ALJ's conclusion that although Ms. Morley has certain health limitations, she is able to engage in gainful employment of the type she has previously performed and therefore does not qualify for disability insurance benefits under the Social Security Act. *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citing *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir.1990)); 42 U.S.C. § 405(g). I therefore find that the ALJ's decision to deny Ms. Morley disability insurance benefits was supported by substantial evidence as defined in *Robbins* and *Tylitzki*.

Therefore, upon review, I respectfully disagree with Judge Acosta's ultimate recommendation, and therefore I ACCEPT in part and REJECT in part the F&R [20] and AFFIRM the ALJ's final decision denying Ms. Morley disability insurance benefits.

IT IS SO ORDERED.

DATED this 30 day of September, 2014.

      /s/Michael W. Mosman
      MICHAEL W. MOSMAN
      United States District Judge